S. LANE TUCKER
United States Attorney

MAC CAILLE PETURSSON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: mac.caille.petursson@usdoj.gov

RACHEL L. ROTHBERG
Trial Attorney, Department of Justice
Child Exploitation and Obscenity Section
1301 New York Ave NW, 11th Fl
Washington, DC 20530
Email: Rachel.Rothberg@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SETH HERRERA,<br><br>　　　　　Defendant. | No. 3:24-cr-00091-SLG-KFR |

**MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

The United States of America, by and through undersigned counsel, hereby submits this memorandum in support of its request under 18 U.S.C. § 3142(e) and (f) for the Court to order Defendant Seth Herrera detained pending trial. *See United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) ("[T]he government may proceed in a detention hearing by

proffer or hearsay."). As explained below, the Defendant poses a significant danger to this community and a risk of non-appearance, and this Court should find that there are no conditions of release that can adequately mitigate these risks.

I. **FACTUAL BACKGROUND**

For years, Defendant Seth Herrera, an enlisted soldier in the military, used multiple encrypted and privacy-enhancing applications to access, possess, receive, and transport child sexual abuse material (CSAM). He used artificial intelligence (AI) chatbots online to generate his own realistic CSAM using minors known to him. He saved surreptitious recordings of those same minors undressing in his home. His criminal conduct was finally uncovered after he tried to access a link containing apparent CSAM. This link described CSAM depicting prepubescent minor females around the same age as the defendant's young daughter.

Homeland Security Investigations (HSI) executed a search warrant at Herrera's residence, where he lives with his wife and minor daughter. A subsequent forensic review of Herrera's devices revealed that his three Samsung Galaxy cellphones were replete with contraband. Those cellphones contained, among other evidence, tens of thousands of videos and images depicting the violent rape and sexual abuse of children as young as infants, dating back to as early as March 2021. The Defendant used encrypted messaging applications such as Potato Chat, Enigma, nandbox, and Telegram, and he specifically joined groups devoted to the trafficking of CSAM. For years, he received CSAM through these groups, with titles including, in relevant part, "baby_toodler_cp" and

"CpVideos0-5[ . . . ] pedomom."  The Defendant created his own public Telegram group to store his CSAM and sent himself video files that include screaming children being raped. He also used Mega NZ and navigated around The Onion Router (TOR) in search of CSAM, accessing shared folders and websites advertised as "The Only Child Porn Site you need!", with content such as "11 yo Deep Anal Sex" and "pedo porno | little daughters."

Additionally, the Defendant used various web-based software to create morphed child pornography and other child exploitative material—taking innocent pictures of minors known to him and running them through an AI chatbot to undress or add pornographic bodies.  Numerous images he created depict these minors performing oral sex or being penetrated by a sexual object.  Others depict undressed minors covered in what appears to be semen.  The Defendant stored this material in the password-protected Calculator Photo Vault application, which appears disguised as a calculator to secretly hide files on a phone.  This is also where the Defendant stored surreptitious recordings and images taken of minors known to him and to whom he had access in 2022 and 2023 outside of Alaska.

On August 22, 2024, a federal Grand Jury returned an indictment charging Herrera with one count of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), (b)(1), one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).[1]

---

[1] As described herein, the investigation also revealed conduct that may support a charge of

U.S. v. HERRERA
3:24-cr-00091-SLG-KFR
Page 3 of 10
Case 3:24-cr-00091-SLG-KFR   Document 4   Filed 08/23/24   Page 3 of 10

## II. LEGAL STANDARD

The United States requests a detention hearing because the Defendant has been charged with a felony that "involves a minor victim." 18 U.S.C. § 3142(f)(1)(E). Pursuant to § 3142(g), the Court must determine whether there are any "conditions of release that will reasonably assure the appearance of [the Defendant] as required and the safety of any other person and the community." When making this determination, the Court should consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the Defendant's history and characteristics, and (4) the nature and seriousness of the danger to the community posed by the Defendant's release. *See* 18 U.S.C. § 3142(g). The government bears the burden of proving that the Defendant is a risk of flight by a preponderance of the evidence and that he is a danger to the community by clear and convincing evidence. *See United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

## III. ARGUMENT

As an initial matter, there is a presumption of detention based on the nature of the charges in the Indictment. All three counts involve minor victims and are considered "crimes of violence" for purposes of 18 U.S.C. § 3142(f)(1)(A). *See* 18 U.S.C. § 3156(a)(4)(c) (defining "crime of violence" to include "any felony under chapter 109A, 110, or 117"). Of those, two charges — Transportation of Child Pornography (Count 1)

---

attempted sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a),(e)—specifically, the surreptitiously recorded files depicting minors known to Herrera. Investigation remains ongoing but, at this time, it appears that the proper venue for such a charge would be outside of Alaska, where the specific conduct occurred. The government nonetheless believes that this uncharged conduct is relevant to the Court's pretrial analysis detention in this case.

U.S. v. HERRERA
3:24-cr-00091-SLG-KFR

and Receipt of Child Pornography (Count 2) — carry a rebuttable presumption in favor of pretrial detention. 18 U.S.C. § 3142(e)(3)(E). Accordingly, this Court begins its analysis by presuming that no condition or combination of conditions will reasonably ensure the Defendant's appearance at trial or the safety of the community. 18 U.S.C. § 3142(e)(3)(E). Even if the Defendant does rebut this presumption, it "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in [18 U.S.C.] § 3142(g)." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (citations removed)).

Based on careful consideration of the factors enumerated in 18 U.S.C. § 3142(g), as further detailed below, the United States submits that there is no condition or combination of conditions that will reasonably assure the safety of the community or the Defendant's appearance should he be released pending trial.[2]

### A. The Nature and Circumstances of the Offense Charged

Starting first with the nature and circumstances of the offenses, the alleged conduct is exceptionally serious. Indeed, the Defendant's child exploitation offenses have been designated by Congress as "crimes of violence" for which the appropriateness of detention is presumed as a matter of law.[3] Moreover, if convicted of either Transportation of Child

---

[2] The United States is not aware of any proposed release plan at this time. Nor has the United States received the Pretrial Services Report (PTSR) in this case. The United States will make further argument regarding the Defendant's history and risks if released at the arraignment and detention hearing, if necessary, after review of the PTSR.

[3] *All* federal child pornography offenses are classified under the bond statutes as crimes of violence, *see* 18 U.S.C. § 3156(a)(4)(C), and all but simple possession carry a presumption of detention, *see* 18 U.S.C. § 3142(e)(3).

Pornography (Count 1) or Receipt of Child Pornography (Count 2), the Defendant faces a mandatory-minimum sentence of five years imprisonment.[4] The CSAM files the Defendant transported, received, and possessed include the youngest and some of the most helpless victims—infants and toddlers—as well as bestiality, bondage, and sado-masochistic conduct. And in his quest to satisfy those sexual desires, the Defendant actively cultivated online communities dedicated to the abuse and exploitation of children and engaged with hundreds of like-minded offenders. He belonged to interest-specific groups, including those focused on minors engaged in bestiality, incest, and baby rape. Through his actions, the Defendant contributed to the continued victimization of the real children depicted in these video and image files, and he fueled the demand for more heinous content.

Disturbingly, the Defendant also received and specifically sought CSAM files depicting minor females around the same age as his prepubescent, minor daughter. He captured nude and other inappropriate images and videos of children known to him as they engaged in intimate activities such as getting dressed after a shower. He zoomed in on and enhanced those images using AI-powered technology. And the Defendant created new, morphed CSAM with these minors using the technology at his disposal: When the surreptitious recordings and images did not satisfy his sexual desires, he turned to AI

---

[4] A potential charge of attempted sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a),(e)—for which Herrera is now on notice—carries a 15-year mandatory minimum sentence.

chatbots to ensure these minor victims would be depicted as if they had engaged in the type of sexual conduct he wanted to see.

### B. The Weight of the Evidence

The evidence against the Defendant is strong and primarily based on a forensic review of his devices, which were seized pursuant to federal warrant. The Defendant's three most recent cellphones contain massive amounts of contraband. During the execution of the search warrant, a manual review of the Defendant's phone revealed multiple CSAM-related Enigma groups to which the Defendant belonged. This review was merely the tip of the iceberg. As previously noted, there are tens of thousands of images and videos stored on his phone, across various applications and in numerous folders. The Defendant joined multiple online groups dedicated to the exchange of CSAM and created his own group to store CSAM. The evidence shows the Defendant's specific requests to AI chatbots in generating morphed pornography, and he stored the "before" and "after" images in protected areas of his phone. Additionally, when interviewed, the Defendant admitted to seeing CSAM online for the past year and a half.

### C. The History and Characteristics of the Defendant

Although this is his first arrest, the Defendant has been engaging in this type of illicit conduct since at least March 2021. This was merely the first time he was caught. That the Defendant has engaged in this conduct for years demonstrates his underlying sexual interest in children. Meanwhile, the Defendant was able to hide his sexual deviance and

criminal conduct from those closest to him, including his wife and minor children.[5]

Moreover, the Defendant engaged in these offenses while holding a position with the military and representing the United States as an enlisted soldier.

### D. The Nature and Seriousness of the Danger to the Community that Would Be Posed by the Defendant's Release

The Defendant poses a serious risk to his minor daughter, who remains in his care, and the broader community. He was seeking out CSAM specifically in the age range of his young daughter. The Defendant has demonstrated that he cannot be trusted when he is near minors. He surreptitiously recorded or photographed minors known to him as set forth above, and he repeatedly captured images and videos of minors through social media platforms—media files he then used to generate CSAM and child exploitative material. The Defendant is now surrounded by minors on Joint Base Elmendorf-Richardson, with six children living within his fourplex alone. And as a heavy vehicle driver for the army, his access to military families and their children extends past Anchorage to Fairbanks, where he regularly drives supplies.

The Defendant has proven to be highly proficient in encrypted, web-based applications, which he then uses primarily to access CSAM. Furthermore, he has thought out what type of CSAM he wants to see—and with which minor victims—and he is technologically sophisticated enough to bring those sexual fantasies to life. The Defendant has typed precise commands into chatbots (such as setting the breast size to "tiny") and

---

[5] Herrera has a young daughter who lives with him and a 15-year-old son living in Texas.

created sexual imagery to fit his own desires. Thus, while computer monitoring may address the danger posed by less sophisticated offenders, the record provides ample reason to conclude that this Defendant can evade court-ordered restrictions and would continue to pose a serious danger if released.[6]

## IV. CONCLUSION

For years, the Defendant broke the law with impunity and operated without detection from those around him. Were he to be released, he would return to the same circumstances in which he was able to offend for years—an environment in which he has access to and care over a young child who fits his CSAM preferences.

Even the most restrictive sets of release conditions require a defendant's good faith compliance in order to be effective. *See Hir*, 517 F.3d at 1092 (citing *United States v. Tortora*, 922 F.2d 880, 886 (1st Cir. 1990)). The Defendant's longstanding sexual interest in children, combined with his ongoing course of conduct for which he has evaded accountability until very recently, gives little basis to conclude that the Court can expect to see such good faith compliance here. And if the Defendant were to reoffend while on pretrial release, not only would the harm caused by such recidivist conduct likely be severe, but it would be inflicted on the most vulnerable members of his community—minor children. Given the serious nature of the Defendant's conduct and the penalties he faces if convicted, there are no conditions that would ensure his appearance in court or the

---

[6] Indeed, the Defendant was arrested this morning with another smartphone—the same make and model as one of his previously seized devices.

protection of the community if he were to be released.

Accordingly, the Defendant should be detained pending trial pursuant to 18 U.S.C. § 3142(e).

RESPECTFULLY SUBMITTED August 23, 2024 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s RACHEL L. ROTHBERG
RACHEL L. ROTHBERG
Trial Attorney, Department of Justice
Child Exploitation and Obscenity Section
MAC CAILLE PETURSSON
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2024 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s RACHEL L. ROTHBERG

U.S. v. HERRERA
3:24-cr-00091-SLG-KFR

Page 10 of 10
Case 3:24-cr-00091-SLG-KFR   Document 4   Filed 08/23/24   Page 10 of 10