Ben W. Muse
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
188 W. Northern Lights Blvd., Suite 700
Anchorage, Alaska 99503
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: benjamin_muse@fd.org

*Counsel for Defendant Seth Herrera*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>SETH HERRERA,<br><br>    Defendant. | Case No. 3:24-cr-00091-SLG-KFR |

**PARTIAL OPPOSITION TO MOTION FOR LEAVE TO FILE SURREPLY AND FOR ORAL ARGUMENT [Dkt. 85]**

Defendant Seth Herrera, through counsel, Ben W. Muse, Assistant Federal Defender, Defendant respectfully opposes the government's request for leave to file a surreply but does not oppose its corresponding motion for oral argument.

The local rules in this district do not apparently contemplate the filing of surreplies.[1] In the Ninth Circuit, district courts have almost uniformly recognized that the "[f]iling of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue ..."[2] Surreplies are only permitted in extraordinary circumstances

---

[1]   Local Criminal Rules 1.1(b); 47.1; Local Civil Rule 7.1.
[2]   *E.g.*, *Smith v. United States*, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014); *United States v. Maganito*, 2023 WL 3097197, at *2 (D. Mont. Apr. 26, 2023); *Markson v. CRST Int'l*,

when new arguments or factual assertions have been unexpectedly broached in a reply for the first time.³

Both parties have had a full opportunity to brief the issues. Mr. Herrera's reply did not introduce new arguments or evidence; it responded directly to the government's opposition and cited the record in context. The government appears to allege that the

---

*Inc.*, 2022 WL 790960, at *1 n. 1 (C.D. Cal. Feb. 24, 2022); *see also Garcia v. Biter*, 195 F.Supp.3d 1131, 1134 1131 (E.D. Cal. July 18, 2016)("The Court generally views motions for leave to file a surreply with disfavor."); *J.R. Simplot Co. v. McCain Foods USA, Inc.*, 2021 WL 4899465, at *2 (D. Idaho Oct. 20, 2021)("[S]ur-replies—in any context—"are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter."); *Numrich v. Qwest Corp.*, 2015 WL 1883917, at *3 (D. Or. Apr. 23, 2015)("'surreplies are disfavored.'"); *Fitzhugh v. Miller*, 2020 WL 1640495, at *9 (D. Ariz. Apr. 2, 2020); *Edwards v. Mondora*, 700 F. App'x 661, 664 (9th Cir. 2017) (affirming the district court's denial of a motion for leave to file a surreply because the movant did not identify in his motion the new arguments allegedly raised or why such arguments would justify granting leave to file a surreply; *accord Lacher v. West,* 147 F.Supp.2d 538, 539 (N.D.Tex.2001)("Surreplies and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter. The court has found that surreplies usually are not that helpful in resolving pending matters and only permits pleadings beyond Local Rule 7.1 in exceptional or extraordinary circumstances."); *Hall v. Whitacre,* 2007 WL 1585960 (D.Kan. May 31, 2007)("Surreplies are heavily disfavored, and are allowed only in the most extraordinary circumstances." ); *Atlin v. Mendes,* 2008 WL 5422871 *3 (N.D.Tex.2008) (moving party must set forth "exceptional or extraordinary circumstances warranting a surreply."); *Starr v. Cox,* 2008 WL 1914286 *2 (D.N.H.2008) (it is proper to deny "a motion for leave to file a surreply where the party failed to demonstrate that the case presented extraordinary circumstances warranting the relief sought.").

³ *See, e.g.*, *Numrich v. Qwest Corp.*, 2015 WL 1883917, at *3 (D. Or. Apr. 23, 2015)(Moreover, "surreplies are disfavored and the party seeking to submit one has to demonstrate a compelling reason for permitting the additional filing and such requests are routinely disallowed when that burden is not met."); *United States v. Maganito*, 2023 WL 3097197, at *2 (D. Mont. Apr. 26, 2023)("A decision to grant or deny leave to file a surreply is discretionary, and should only be granted "where a valid reason for such additional briefing exists, such as [the opposing party] raises new arguments in its reply brief.").

defense has misrepresented the factual record, *i.e.*, the exhibits submitted by the defense.[4] The Court has these exhibits and is well-situated, without further briefing, to determine whether this is the case. The government also asserts that it should have an opportunity to address the *Holcomb* case, with regard to particularity, overbreadth and the applicability of the good-faith exception.[5] To be clear, while Mr. Herrera cites *Holcomb* for the first time in his reply, he cites it as an illustrative example to support arguments he first made in his Motion to Suppress.[6]

While Mr. Herrera appreciates the government's interest in addressing the reply, additional briefing is not necessary for the Court to resolve the motion and would provide the government with the final word on issues already fully briefed. Maintaining the current record serves the interests of fairness and judicial economy.

That being said, Mr. Herrera does not oppose having an oral argument. This will allow the parties to address any questions that the Court may have. It will also give the government an opportunity to address the issues it has raised in its request for a surreply at docket 85 while affording Mr. Herrera the opportunity to respond to these arguments in turn.

For these reasons, Mr. Herrera respectfully requests that the Court deny the motion for leave to file a sur-reply and defers to the Court as to whether to set oral argument.

---

[4] Dkt. 85 at 2.
[5] Dkt. 85 at 2.
[6] Dkt. 54 at 41.

DATED at Anchorage, Alaska the 11th day of August, 2025.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
DISTRICT OF ALASKA

*/s/ Ben W. Muse*
Ben W. Muse
Assistant Federal Defender

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on August 11, 2025. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Ben W. Muse*